IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                                          PLAINTIFF

V.                                                                          CAUSE NO. 3:12-CR-83-CWR-LGI-1

BOOKER TARVIN                                                                                     DEFENDANT

**ORDER**

Before the Court are Defendant Booker Tarvin's motions to reduce sentence and for compassionate release. Docket No. 16. On review, the Court will deny the motions.

I.      **Factual and Procedural History**

Mr. Tarvin's current term of incarceration resulted from two convictions: conspiracy to possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846, and conspiracy to commit theft of government funds in violation of 18 U.S.C. § 371. Mr. Tarvin is presently scheduled for release from BOP custody on February 4, 2025. Docket No. 21 at 2.

Currently incarcerated at FCI Mendota, Mr. Tarvin, now 45 years old, suffers from severe asthma, high blood pressure, and a BMI higher than 30. Docket No. 18. Due to these conditions, Mr. Tarvin contends, and available research bears out,[1] that he faces increased risk of severe symptoms if he contracts the COVID-19 virus. *Id.*

In recognition of this risk, on July 6, 2020, Mr. Tarvin filed a *pro se* motion to reduce his sentence pursuant to the First Step Act, 18 U.S.C. § 3553, the sentence modification provisions of 18 U.S.C. § 3582, and the Fair Sentencing Act. Docket No. 16.[2] On March 1, 2021, Mr. Tarvin

---

[1] *See COVID-19: Who's at higher risk of serious symptoms?,* Mayo Clinic (Aug. 24, 2021), https://www.mayoclinic.org/diseases-conditions/coronavirus/in-depth/coronavirus-who-is-at-risk/art-20483301.
[2] As the Government emphasizes, Mr. Tarvin also makes "what amounts to an ineffective assistance of counsel claim under the guise of 18 U.S.C. § 3582 and 3533." Docket No. 22 at 3. A defendant seeking to challenge his sentence due to ineffective assistance of counsel, however, must file under 28 U.S.C. § 2255. *See United States v. White*, 307 F.3d 336, 337. Based on Mr. Tarvin's conviction date and theory of relief, this claim is time-barred. *See*

filed a motion to appoint counsel. Docket No. 18. That same day, pursuant to an April 2020 Administrative General Order, a federal public defender was appointed to assist Mr. Tarvin with his claims. Docket No. 19.

The Government filed a response in opposition to Mr. Tarvin's motion to reduce his sentence on June 14, 2021. Docket No. 21. Following the grant of two unopposed motions for extensions of time to file, Docket Nos. 22 and 23, on September 1, 2021, Mr. Tarvin, through his counsel, filed a reply to the Government's response. Docket No. 24.

**II.      Legal Standard**

Federal courts generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this general principle is compassionate release. *Id.* In relevant part, 18 U.S.C. § 3582(c)(1)(A) authorizes a court to reduce a Defendant's term of imprisonment "upon a motion of the Director of the Bureau of Prisons, or upon motion of the defendant after . . . the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." In evaluating a motion for compassionate release, the Court must "consider[] the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable." *Id.* Additionally, the Court must "find[] that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

**III.     Discussion**

The Government opposes Mr. Tarvin's motion for compassionate release because, it contends, he "fails to meet the statutory criteria for a reduction in sentence." Docket No. 22 at 7. Procedurally, the Government alleges that Mr. Tarvin failed to satisfy the exhaustion requirements

---

28 U.S.C. § 2255(f). Accordingly, this Court will not discuss Mr. Tarvin's ineffective assistance of counsel claim further.

of 18 U.S.C. § 3582(c)(1)(A). Substantively, the Government submits that Mr. Tarvin "cannot establish that he is not a danger to the community or that the § 3553(a) factors merit release." *Id.*

Mr. Tarvin counters that he met the exhaustion requirement. Docket No. 24 at 3. He also contends that his history and characteristics justify a sentence reduction, and that his health conditions warrant compassionate release. Docket No. 24 at 6-7.

This Court agrees with the Government that Mr. Tarvin fails to qualify for compassionate release under the 18 U.S.C. § 3553(a) factors. As such, it is unnecessary to decide whether Mr. Tarvin has satisfied the exhaustion requirements. *See United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *1 (M.D. Fla. June 7, 2019).

A sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. 3553(a). The crimes for which Mr. Tarvin is presently incarcerated are serious. For example, Mr. Tarvin's participation in the conspiracy to commit theft of government funds impacted at least 13 victims. *See United States v. Tarvin*, 3:14-cr-91-DCB-LRA, Docket No. 101 at 4-5. Further, as the Government argues, his "criminal history category of III" and "criminal history dating back to 1995" weigh against granting him relief. Docket No. 21 at 9.[3]

The statute also requires the sentencing court to consider "the need for the sentence imposed." 18 U.S.C. § 3553(a)(2). In making this determination, the statute directs the Court to consider "the seriousness of the offense;" the deterrence goals served by the sentence; the protection of the public secured through the sentence; and the educational, vocational, medical, and correctional needs of the Defendant. *Id.*

---

[3] In fact, the Presentence Investigation Report adopted by the sentencing judge indicates that Mr. Tarvin had a criminal history category of *IV*. 3:14-cr-91-DCB-LRA, Docket No. 101 at 20, ¶ 79.

A review of the record confirms that Mr. Tarvin's sentence is appropriate in consideration of the interest in deterrence and the protection of the public.

It is true that, as Mr. Tarvin contends, the United States Sentencing Commission "reduced drug levels for all drugs by two levels and made the reduction retroactive." Docket No. 24 at 6. But this fact does not outweigh the other factors discussed above. Indeed, as Mr. Tarvin admits, the Court already reduced Mr. Tarvin's sentence by 30 months due to the change in guidelines. *See id.* Releasing Mr. Tarvin now would amount to discharging another three years from his sentence on top of this earlier reduction.

COVID-19 transmission rates and outcomes in carceral settings remain alarming.[4] Vaccination and other preventative measures, such as consistent masking, can minimize the spread of the disease.[5]

Far too often, however, individuals, including prison personnel charged with safeguarding prisoners, refuse to abide by such precautions. In the name of freedom, liberty, and the utter rejection of unassailable scientific prophylactic measures, unmasked personnel serve as unwitting vectors of the virus, exposing themselves and those around them, including prisoners with no choice but to interact with them, to this deadly disease. The results have been tragic, deadly, and largely preventable.[6]

---

[4] *See A State-By-State Look at 15 Months of Coronavirus in Prisons*, THE MARSHALL PROJECT (July 1, 2021), https://www.themarshallproject.org/2020/05/01/a-state-by-state-look-at-coronavirus-in-prisons (finding that "[f]rom the start of the pandemic through June 2021, at least 398,627 people in prison tested positive" for COVID-19, and acknowledging "[t]hat total is a significant undercount"); Jama, Saloner et al*., COVID-19 Cases and Deaths in Federal and State Prisons*, JOHNS HOPKINS BLOOMBERG SCHOOL OF PUBLIC HEALTH (July 21, 2020), https://ncrc.jhsph.edu/research/covid-19-cases-and-deaths-in-federal-and-state-prisons/ (finding that between March 31 and June 6, 2020, among the population of people incarcerated in the United States in both federal and state facilities, "[t]he standardized mortality rate was 3-fold in prisons than that in community").

[5] *See Help Stop the Spread of Coronavirus and Protect Your Family*, U.S. FOOD & DRUG ADMINISTRATION (Sept. 16, 2021), https://www.fda.gov/consumers/consumer-updates/help-stop-spread-coronavirus-and-protect-your-family.

[6] *See "Hell No": Correctional Officers Are Declining The Coronavirus Vaccine En Masse*, THE MARSHALL PROJECT (Mar. 12, 2021, 4:41 AM), https://www.themarshallproject.org/2021/03/15/hell-no-correctional-officers-are-declining-the-coronavirus-vaccine-en-masse (reporting that "[p]rison staff helped accelerate outbreaks by

In recognition of this context, the Court notes that, should conditions at FCI Mendota deteriorate such that Mr. Tarvin's health declines, the Board of Prisons (BOP) could release him temporarily to tend to his health. *See* 18 U.S.C. §§ 3621(b) and 3622. As recognized in analogous circumstances, though, "that is a decision reserved for the BOP," not this Court. *United States v. Montgomery*, 3:12-CR-130-CWR-FKB at *3 (S.D. Miss. March 3, 2021). *See also United States v. Bell*, 3:12-CR-116-CWR-FKB, 2021 WL 888826 at *3 (S.D. Miss. March 9, 2021) (noting that BOP reviewed defendant's particular situation and released him to home confinement).

### IV. Conclusion

Upon reviewing the record, this Court finds that Mr. Tarvin's current sentence is "sufficient, but not greater than necessary, to comply with the purposes set forth in" 18 U.S.C. § 3553(a). Accordingly, Mr. Tarvin's motion for compassionate release is denied.

**SO ORDERED**, this the 21st day of September, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

---

refusing to wear masks, downplaying people's symptoms and haphazardly enforcing social distancing and hygiene protocols"); Byrhonda Lyons, *Most prison staff refuse COVID vaccine – should California let them?*, CAL MATTERS (May 11, 2021), https://calmatters.org/health/coronavirus/2021/05/prison-workers-refuse-covid-vaccine-california/ (reporting that in California, since summer 2020, COVID-19 killed at least 222 state prisoners, and that "more than 16,000 prison staff have tested positive for the virus, and 26 employees have died").